Assuming negligence of railroad, failure of bus driver to observe statutory duty to ascertain whether train was coming, held not proximate cause of collision injuring passenger; such failure being no more than contributory negligence, for which passengers in bus were not responsible.

**2. Giving statutory warning signals imperative.**

Error in submitting issues where railroad was negligent in running trains at excessive speed, or in failing to give warning signals in addition to those required by statute, held to require reversal even though it was probable that the jury would, in any event have found that railroad was negligent in failing to give statutory signals.

**3. Speed of trains in country may be such as operators deem safe, where no legal regulation exists.**

Failure of general assembly to regulate speed of trains in the country, impliedly warrants railroads in running their trains in the country at such rate of speed as those in charge may deem safe.

**4. Existence of fog—maintenance of ordinary speed over crossings, sufficient.**

Where crossing signals required by 8853 Ohio GC. are given, the maintenance of ordinary speed over crossings during fog gives no independent basis for a conclusion that railroad is negligent.

**5. Repeated signals not required.**

The mere existence of a fog, obscuring view of train approaching crossing and striking a bus and injuring a passenger therein, held insufficient to justify jury in finding that duty existed to repeat crossing signals, if given as required by 8853 Ohio GC.

**941. PRACTICE AND PROCEDURE.**

Submission of a special issue by the judge, sua sponte.

The trial judge may often, on his own motion submit a special issue, with benefit to the public interest.

Error to U. S. District Court. N. D. O. Killits, J.

Geo. R. Effler, Toledo, and Wheeler & Bently, Lima, for Railroad.

Geo. W. Ritter, Toledo, Hoke & Wright, Van Wert, and Ritter & Brumbach, Toledo, for Stegaman.

DENISON, CJ.

Action by defendant Arthur Stegaman against The Penna. Railroad Co. on account of death of his minor son. Judgment for plaintiff reversed by this decision.

(Denison and Moorman, CJJ., and Hough, DJ.)

For full opinion, see 22 Fed. Rep. (2'd) 69.

---

WHITAKER-GLESSNER CO. v. OHIO SAV. BK. & TR. CO.

Circuit Court of Appeals, 6th Dist.

No. 4945. Decided Nov. 18, 1927.

**539. FIXTURES—997. Real Estate—787. Mortgages.**

**1. When chattel annexed to realty becomes—application of to use by, and intention of annexing party.**

Personalty becomes a fixture on the concurrence of its annexation to the realty or something appurtenant thereto, its application to the use or purpose to which the realty is appropriated, and an intention on the part of the party annexing it to make it a permanent accession to the freehold.

**2. Intention of annexing party to make it permanent, and to remove, how to be determined.**

Where a chattel may be removed without injury to it or the realty, the manner of its annexation and other circumsatnces and facts, including its possible uses, are to be considered in determining the intention of the party annexing it.

**3. Machinery bolted to floor, in canning factory, as between company and mortgagee, held a part of the realty.**

Machinery bolted to the floors of a canning factory, both realty and machinery being owned and used by a canning company for the sole purposes of the business, though removable without injury to itself or the realty, held a fixture as between the company and a mortgagee.

Appeal from U. S. Court. E. D. S. D. of Ohio. Benson W. Hough, J.

Geo. W. Ritter, Toledo, and John S. Brumback, Toledo, for appellant.

John F. Wilson, Columbus, and John E. Morley, Cleveland, for appellees.

MOORMAN, CJ.

Suit in equity by the Ohio Saving Bank & Trust Company, Trustee, and others, against the Whitaker-Glessner Co. Decree for complainants, and defendant appeals. Affirmed.

(Denison and Moorman, JJ.)

For full opinion, see 22 Fed. Rep. (2'd) 733.

---

STURZINGER v. HART

Circuit Court of Appeals, 6th Dist.

No. 4819. Decided Dec. 12, 1927.

**1002. RECEIVERSHIP—144. Bill of Sale.**

Claimant of goods under a bill of sale, who intervenes in receivership, held entitled to the goods stored for it in building occupied by company.

In receivership of solvent company, intervener, which had advanced money to such company and in return received bills of sale for goods of equal value stored in building occupied by company held entitled to such goods, in absence of fraud or bad faith, or showing of injury or detriment to company's creditors or stockholders.

Appeal from U. S. Court. W. D. N. D. of Ohio. John M. Killits, J.

J. F. Hertlein and H. L. Peeke, Sandusky, for appellant.

King, Ramsey & Flynn, Sandusky, for appellees.

PER CURIAM

In re receivership of the Erie Food Products Company, in which Alfred L. Hart and others, a partnership, intervened. From a ruling sustaining the claim of interveners to certain goods, Albert L. Sturzinger, receiver, appeals. Affirmed.

(Denison, Moorman and Knappen, JJ.)

For full opinion, see 22 Fed. Rep. (2'd) 801.